17-2520 William Brazeau v. Tanisha Maus All right, would both attorneys that are going to be presenting oral argument today step up and identify yourselves for the record? Good morning. My name is Joel Brodsky, and I represent Tanisha Maus, the appellant offender. Good morning. I'm a plaintiff in the court. I'm going to be representing William Brazeau. Could you state your last name again? Ritter. That's what I thought. I just wanted to make sure. All right, good morning to both of you. So each of you will have about 15 minutes to present arguments. From that, Mr. Brodsky, you may save up some time for rebuttal. All right? So, Ms. Ritter, you may be seated, and Mr. Brodsky, you may proceed. Thank you, Your Honor. We've had a very recent development. Oh, are you going to tell me that you settled this case? No. Okay, because we wouldn't be surprised if you did. But what is the recent development? Ms. Maus passed away recently. All right. She's single, doesn't really have any family, so I wasn't aware of it until counsel suggested it last Thursday afternoon, and I checked and I was able to reach her ex-husband. So I suppose somehow an estate will have to be substituted in. Yes. At some point, you know, in the near future, too, if the case is going to proceed. I don't know what the family, if there is any family that intends to do, but that's something that will happen. An estate or a special administrator? That's certainly outside my field of expertise, but... Who's got the ring? That's a question that I don't know the answer to. Did you post a bond for this appeal? No, we did not. Was there one requested, Ms. Ritter? No, not that one. And I think that kind of goes to the heart of the issue here. That being what? The jurisdiction, where the ring is and what Replevin is designed to do. You know, wasn't this a complaint asking for not only the return of the ring, but also money damages for the ring if it were not retrieved? Correct. How could you possibly argue the circuit court did not have subject matter jurisdiction when there was alternative relief requested? It was alternative relief requested under the Replevin statute. And the Replevin statute requires that the sheriff go out, attempt to seize the property pursuant to a writ of Replevin, and then if it returns unsatisfied, not found, that then the party can proceed to get a money judgment. But there's a prerequisite. Are you saying that subject matter jurisdiction lies within the Replevin Act, or are you unfamiliar with the case law that says that the jurisdiction of every judge comes from the Illinois Constitution? Very well aware of that. So subject matter jurisdiction is not dependent upon a Replevin statute. There's no case that says that unless you want to tell us. No, but what there is, Judge, is that Replevin is not against the person. A Replevin action, if... What case are you citing? That it's not against the person, that it's against the resident? No, that there's some sort of in-rem jurisdiction. A Replevin is an in-rem jurisdiction? That somehow the circuit court, what case do you have that actually suggests that the race has anything to do with the circuit court's jurisdiction to hear this? Golden Rule Insurance v. Weedoff. Is that in your brief? Yes. Okay. And what does that case say? That the basis of in-rem jurisdiction and quasi-in-rem jurisdiction is the presence of the subject property within the territorial jurisdiction of the form state. And that arises from the fact that an in-rem case, which I could never find. Every case that I found, I cannot find one case that says that it's not an in-rem action. Replevin is an in-rem action, and I think that case goes back to 1857, if I'm not incorrect, that says that. Yeah, but you see, that was at the common law, Replevin. Right. And now we have statutory Replevin. There's a difference between the two. But the statute's been around for 100 years also. But what Replevin used to be, before the Fuentes case, the U.S. Supreme Court, was that you would have, you'd file the written Replevin. The sheriff would go out and take it. Usually it was ex parte, without notice. But it would go out and seize the item, and the party seizing it would have to either post a bond, or the person that had it could get it back by posting a return bond. And then they would proceed to the full and final hearing, upon which it was determined who had the better right to possession of the property. And the act of actually seizing that property in the initial writ was the act of getting jurisdiction. There's cases that I, the case that I cite to that point is Universal Credit v. Anderson, which is an Illinois Supreme Court at 374 Illinois 194. Yes, and didn't the court, contrary to what you've argued, in Universal Credit say that the court never ever concluded that subject matter jurisdiction was lacking over Replevin action where the property is not found in Illinois? In fact, the court repeatedly stated that subject matter jurisdiction over the case existed. And when the property is not found, the act allows the plaintiff to recover the value of the property as an alternative remedy. The court repeatedly rejected what you're arguing today, that there was no subject matter jurisdiction. And that the court said that you cannot attempt the writ over the property by contempt proceedings. That's all. That's the only holding that is apparent in that case. It absolutely says that this suggestion of lack of subject matter jurisdiction is wrong, as you contend. In that case, the property was not out of state, but the court said that until the officer to whom the writ is issued was able to obtain possession of the property. Are you suggesting that before anyone can even file a Replevin action that the sheriff has to go out and try to retrieve it? No, NREM is the same as a forfeiture action. It's the same as any, which is typically another common NREM action, a forfeiture action. And in order for that to happen, the item that's the subject, money, property, whatever, has to be within the jurisdiction of the state, of the court. And that flies in the face of every single Supreme Court case that tells us, and I think Bellville, Toyota is probably the most prominent, that says that a circuit court's jurisdiction comes not from a ring being present in the state, not from a Replevin statutory section that was enacted by the legislature, but from the Illinois Constitution. There are two types of jurisdiction, personal and subject matter. And subject matter jurisdiction, according to all of the recent Illinois Supreme Court cases, which we must follow, we have no choice in the matter, tell us that as long as there is a controversy, a justiciable matter, and that the court has the power to hear Replevin actions, the court has subject matter jurisdiction. It matters not where the ring is. But in fact, the ring was in Illinois for some time, wasn't it? It was in the ring. It was here for a short period to get appraised and then sent back. After the case had been filed, it was here for a few weeks to get appraised and then sent back to Miss Mouse in Florida. But what I'm arguing regarding Bellevue, Toyota is this, that this case, the language that they use in Bellevue, Toyota and the other cases, is that what's the, I think it's cases within the general class to which this belongs. Yeah. So what is the class of this case? This is an in rem case. No, it's a Replevin action. As Justice Gordon pointed out, in common law, the Replevin action and Trover were actions available. Right. Now, in Illinois, we have a statutory provision regarding Replevin. That doesn't change. It doesn't trump the Illinois Constitution. No. But what I'm saying is that Replevin isn't even statutory or common law. It's in rem. And this case belongs to the category of cases, a general class of cases of... Where in the statute does it say it's an in rem action? Well, it doesn't say so in the statute, but... Although we have to strictly construe the statute because it's in derogation of the common law in the sense that it was enacted by the legislature. Yes, you certainly do. What do you say to Justice Gordon's question? There's nothing specifically in the case, in the statute, that designates this as an in rem action. But going back... Because under common law, when it was an in rem action, the sheriff had to take the property and bring the property before the courts. Right. And they would post a return bond. I see. But the statute did away with it. The statute has the same procedure. No, you just said it's not in the statute. Where in the statute? It did away with it. Okay, I mean, when you talk about... I cite to Associate Discount Court v. Walker at 39 Illinois Ave. 2nd, 1960. It's a 1963 case that says an action in replevant is a proceeding in rem and not in personam. Did the 1970 Constitution, was that enacted at that point? No, it was not. What happened in 1970? I know about the move because I remember the Constitutional Convention in high school at the time. So how does that one case, Trump, Bellville-Toyota, and actually the Illinois Constitution... Well, what it does is it... The issue in that case was, is this an in rem action or was this an in personam action? And their statute was in place in 1963. So are you saying that circuit courts don't have jurisdiction to hear replevant actions if this item that's being restrained, detained, whatever you want to call it, isn't in Illinois? Is that what you're really saying? Yes. If it's not in Illinois, they don't because it's in rem actions require the presence of the res. The case is not against the person. An in rem action is not against the person. It's against the res, like a forfeiture. People of the state of Illinois versus $10,462. It's against the res. This is also an action against the res who has the possession to it. So without... So you're saying basically there's some sort of subset out there of in rem jurisdiction that we're all unfamiliar with. No. I don't say we're all unfamiliar. Or that the cases forgot about it. When the Supreme Court issued Bellville, they were kind of like forgetting about in rem. I understand what Bellville says. A lot of cases, even before Bellville, were saying if it's within the general class of cases, then the court has subject matter jurisdiction to hear it. What we're saying is that there's a general class of cases, in rem actions, replevant actions, in which the res is not within the state. How do we know it's not within the state? Well... The court entered the order. How do we know what you're saying is accurate anyway? How do we know that the court... When the court made its conclusion, originally it took testimony. Did the court ever say the ring is not here? Why should we even presume what you're saying is true? Don't we presume that the court acted in accordance with the law? At the record, pages 417 through 419, and C50... And then it's in the record that they served her in Florida. It's a record on pages 56, 78, 79, and 81, alleging she had possession of it. And 417 to 419 says that the ring was in Florida. Who says that? It's in the... No, who said it? The court rejected your client at the bench trial. Didn't believe she was telling the truth. He rejected this. Your defense was that there was some kind of fault involved, which, of course, is contrary to Illinois law. You suggested that since he broke off the engagement, she was entitled to the ring. That's contrary to Illinois law. We don't have any case law that suggests that. In fact, it's contrary to your own position if you read Carroll v. Curry. But be that as it may, the court rejected her testimony. Right. And the plaintiff presented numerous texts in which your client agreed to return the ring. Right. So as far as we know, the court didn't believe the ring was anywhere but in Illinois. And the court is presumed to follow the law. Right. But we filed an affirmative defense, and they made a motion for summary judgment on that affirmative defense. And the court denied it. Right. The court denied your motion. Well, it was in our motion for summary judgment. Once the summary judgment is denied and a trial takes place, there's nothing to talk about as far as the summary judgment. But it was their motion for summary judgment, not ours. It was denied. Right. That's what I'm saying. I understand. But what I'm saying is this. You can't challenge anything as far as the summary judgment. I'm not challenging them. What I'm saying is the reason it was lost was they lost the motion for summary judgment because we had raised the affirmative defense that the issue that she could keep the ring, he was the one that broke off the engagement, and we cited case law for that. Well, it's just incorrect. Well, I mean, we cited it in the record. But that's not even an issue here. No, it's not. It's not an issue. The issue is subject matter jurisdiction. Subject matter jurisdiction? I'm sorry. Yeah. I mean, whether or not the court had jurisdiction, interim jurisdiction, over the res, over the case, over the res, because the state, because the ring was not in the state. If you recall, when I first filed, when I filed the first motion to objecting, the court sided with me and said, yes, you're right, there is no, I didn't have jurisdiction. Did you hear this? And then he reconsidered it. And then he reconsidered it. Right. So it's not so open and plain that a judge who, Judge White, who at that time had probably heard Vince doing replevens and miscellaneous remedies in the law division for 20 years, it wasn't so plain that he said, this is absolutely ridiculous for you to even suggest that I don't have jurisdiction because the ring was outside the state. There's no subset of interim jurisdiction that you're suggesting. It simply doesn't exist. The Constitution governs the jurisdiction of every judge in the state. And there is no subset of interim jurisdiction that you're suggesting. But you'll have some time for rebuttal. Is there anything more you want to argue? Because that's your position. Our position, yeah, and my position, Judge, is this. Think of it from a practical standpoint. You win the case, but the ring's in Florida. What do you do with your writ? How is a sheriff of Cook County or a sheriff of any county in Illinois going to serve a writ on the party? That's why the plaintiff filed a repleven action in two counts. No, there was only one count in the action. No, they asked for a recovery in the amount of money damages if they could not retrieve the ring. Right, according to the statute. And under the statute, because their complaint is verified complaint in repleven. And under repleven statute, if the sheriff goes out and tries to seize it and doesn't succeed when he returns it, then they can proceed. Are you saying in that complaint right in front of you that there is not alternative request for relief? It says, the request for relief specifically says, possession of the ring, value of the aforementioned ring not delivered. So delivered, and that's exactly out of the statute. So did they ask for that relief or not? Yes, they did. But if you look at the statute, that's exactly what the statute says. Sure, the statute says if you can't get the ring, you can get the money. But you have to first try to get the ring. It has to be returned not found. And they haven't even placed it to return it not found because the ring isn't here in Illinois. So you can't give it to the sheriff and say, go seize the ring. The person that you supposedly has it in is in Illinois, and the ring is in Illinois. Otherwise, if it was here, all they had to do was give it to the sheriff here. He would go out to where they say it is. Either he gets it or he doesn't get it. And if he doesn't get it, he returns it not found, and then you can proceed. And what case is it that you can cite after Belleville-Toyota that even remotely suggests your theory? After Belleville-Toyota? Yes, after the Supreme Court explained again that the power of the court's jurisdiction, subject matter and personal jurisdiction, depends upon the Illinois Constitution, not some case that predated that Constitution. Belleville, I think we have T.S. enters versus Brunswick. That's a 1974 case. Belleville is long after that decision. Belleville. It's not as if replevin is a hot area of the law that generates a lot of case law. It's a fairly settled law. It has been for many years. All I'm saying, Judge, is that where the final replevin action against property is now within the state, is the court doesn't have jurisdiction because it doesn't have, call it whatever, but we're talking about cases. The classic case is replevin actions where it's not within the jurisdiction of the court. I'm taking a break. I will look. My counsel's opponent, who's been really a pleasure to deal with in this case, opposed to the previous ones, I'll try to find a case that holds that. Well, it's not in your brief. We really can't hear it now. It's too late. No, but I'll see if I can find it. All right. Ms. Ritter, tell us why the argument that counsel's making is incorrect. First of all, I believe counsel is confusing subject matter jurisdiction with personal or NREM jurisdiction. NREM jurisdiction goes more towards the matter than personam jurisdiction, and I think we've cited several cases that have reflected that, and both of which are waivable. It is only subject matter jurisdiction that can be raised at any point in time, and that's what counsel has hung his hat on. As Your Honor has indicated, Bill de Toyota has made very clear that since the change in the Illinois Constitution, I believe the Constitution was adopted in 1970, or the first amendments to the Constitution, which were carried forward, occurred in 1967, I believe. So at that point in time, it became very clear that the powers of this court changed from having to be derived from the legislation to being derived from the Constitution itself. And it was at that point when the courts were, it was clear that the court's authority and subject matter jurisdiction extended to all judicial matters. And I'm sorry, I can't say that word. Justiciable. Whatever. We know what you mean. Okay. So in doing so, and especially in light of those changes, in light of the ruling in Belleville, Belleville was further discussed in, I'm sorry, I believe it was Henry John C.M. from the Fourth District, where it actually even went more in depth, I thought, with regards to the change in the case law, and with regards to the change of the effect of the Constitution on the power of the courts. And again, we are confusing, I believe, in what counsel is trying to put before the court, the difference between an impersonum or in rem issue and subject matter jurisdiction. The opposite of subject matter is not in rem. So that I think we are getting a little bit distracted by. The other part that, the other reason why I believe that counsel's arguments are wrong are for the reasons that have been expressed from the bench, that the statute itself is not, does not reflect any requirement for in rem jurisdiction. In fact, it specifically contemplates personal jurisdiction. It specifically contemplates having the defendant appear in person, and which the defendant did in this case. There's no doubt the defendant is before this court, and the court has impersonum jurisdiction. The statute itself also makes clear that the circuit court, these courts, have jurisdiction over the matter of, if the personal property can't be delivered and found in the state, then we are entitled to get a judgment on the value of the property. This is a circumstance where, and that's clear under the statute, it's clear from our request for relief, which I believe echoed the statute, and it's clear from the provisions that are set forth therein. You end up with a circumstance that essentially, to adopt counsel's arguments, it essentially makes large swaths of the statute of no effect, which makes no sense of its contrary to any rule of statutory interpretation. The other place where counsel, I think, is getting confused, is that the replevant process provides an option for pre-seizure of the property prior to having a hearing on the remedies requested. That wasn't done in this case. No. So, he is citing the provisions that anticipate that that had been done. There is case law, which is again set forth in my brief, which indicates that it is unnecessary. I mean, it's an option. It's not a requirement for relief under the statute. There is no requirement for the sheriff to go out and try to seize the property prior to proceeding to asking for relief for money damages. But there's also no requirement that the parties seek that relief prior to asking for the return of the property. That's correct. So, just following the clear, you know, four corners of the statute, it is very clear that the lower court had the authority to enter the judgment that it did. The court certainly has subject matter jurisdiction over the issues that have been presented before it. Again, looking at the broad swath of judiciable matters, this certainly qualifies. I believe in my brief we've set out a very broad definition, and I will paraphrase, that a judiciable matter is basically any time there's a dispute between two parties. And that's clearly the case in the matter at bar. Counsel cited to associate this count versus Walker, and I'm not quite sure why. It just is a discussion on Trover. And clearly the statute anticipates recovery on Trover. And, yes, as you noted, this is a case that was cited in 1963. So it was, again, prior to not only available Toyota, but it was prior to the amendments to the Constitution, which were then carried forward into the revision of the Constitution. And nothing in there precludes us proceeding or the court having jurisdiction over the issues before it. I think the court also cited, or excuse me, counsel also cited to, here we go, to Brunswick. And, you know, again, in Brunswick there's nothing that indicates that this court or any court does not have jurisdiction, subject matter jurisdiction, over the issue of the return of the property. It specifically anticipates it. Yes, the primary purpose of the Republican Act is to test the right of possession. And it also indicates that when the property cannot be found, then we get to proceed basically on the theory of Trover. And nothing deprives the court of jurisdiction. The, as was indicated in available Toyota, the only thing that this court may not have, the Illinois courts, the circuit courts may not have jurisdiction over, would be administrative proceedings. Yes. And that's clearly not the case here. This is not an administrative proceeding. There is nothing that would preclude any of these courts from acting or impinging on the power of the court to make a resolution in the case that's before it. Anything further, Ms. Reardon? No, I think that will do it. Mr. Brodsky? Yes. A brief rebuttal? Yes. So here's what I'd like you to address. The statute clearly envisions the common law act of Trover, the statutory provision. Correct. All right. So if the court has jurisdiction, doesn't that indicate that the court always has subject matter jurisdiction because this statute envisions the action of Trover? That is, when the property can't be found in the state, the court still has jurisdiction because it allows for the common law action enacted in this replevin statute. And as you correctly pointed out, because it's a statute in derogation of the common law, we certainly have to strictly construe it and there has to be strict compliance with it. If you look at Section 19-120 of the replevin statute, it says, when the property or any part thereof is not found or delivered as above stated, and above stated means the sheriff goes out. No, that's the pre- No. That's what the party can ask for if they want. Is there any requirement in the statute that a person who has had their property restrained has to go out and ask for this relief in the first instance? If you proceed under replevin, yes. There's other all causes of action. If it's dentinu, for example, you wouldn't. But if you look at this one paragraph in Section 120 of the replevin act, it says that if it's not found and delivered as stated, the defendant and the defendant is summoned or rendered his or her appearance, the plaintiff may proceed under the original or amended complaint in an action for wrongful taking and detention of the property or so much as the sheriff was not able to recover. This was done in this case. You read the complaint to us before. But no, this is the statute. Right. But the complaint clearly asks for that relief. My point is this. But the complaint tracks the statute. If the statute gives the court power over the action of Trover, what was known as Trover at the common law, the court has jurisdiction to determine cases involving replevin. If there was a count to that said that was for Trover, I would agree. The count you read included that under the civil procedure, the act of civil procedure, you can request alternative relief. That was requested in the complaint you just read. Not at law because in chancery you can put more than one cause of action. But at law, when we're pleading at law, each cause of action has to be in a separate count. So count one, replevin, count two, Trover, count three, detenu, whatever. But you can't have Trover and replevin in the same count. This was a complaint. Now, first of all, those are all things that are waived because you never even challenged that. But let's try to resolve this. I did mention that in my reply. You're suggesting that there's no subject matter jurisdiction. We don't have in rem jurisdiction. We have either personal or subject matter jurisdiction. And your position is that there's no subject matter jurisdiction because the ring isn't here. Isn't that your position? Exactly. The ring was not in the state and they can't proceed to go under the strict reading of the statute, section 120, and as universal credit says, prerequisite to proceeding for Trover is having the sheriff go out and it be a return not found. Unless you do that step first, you can't proceed in Trover, which is what their complaint says. It says we want the property if not found, then we want to proceed. Their complaint tracks exactly the procedure in the statute. All right. I think we understand your position. Okay. You talked about finding a case that predated or postdated. I'm sorry. Give me one second. I want to make sure I find that case. Through it. I found it. Okay. Oh, man. It's got to be in this one. I saw that. Well. Ah. I got it. Wait. I'm sorry. There's one thing I wanted to point out. It's not a case.        Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay. Okay.  Okay. All right. Which says while it's true, it's stated by Appellee that jurisdiction has been stated to mean cases, state in many cases to mean the jurisdiction of the class of cases to which the particular case belongs, exactly what, using the same language that runs with this, the jurisdiction of the subject matter is the power to adhere to the ten played cases that general class of particular case belongs. Jurisdiction of reception is to try. It's the right of possession of the property, and until the officer to who the writ is directed obtains possession of the property described in the writ, the court issuing the writ cannot be said to have jurisdiction over the property, okay? So is, of course, the writ to be pledged by contempt proceedings, but what they're saying is that, and this is using the same language as the Brunswick case, and what they're saying is that jurisdiction over the property is not obtained until the writ, so it sits within the state. I think the Fuentes case changed it from actually having physical possession to it being in the state, and without the attempt to do that, without execution, under the strict reading of Section 120, they have to do that prerequisite of having the sheriff go out, try to get it before you can proceed to the alternate relief specified in the replevant statute, and that's just a strict reading of the statutory scheme itself, and they can't have a Cook County, an Illinois judgment, and an Illinois sheriff go out to Florida to seize property, so the action should have been brought in Florida, or maybe they should have taken the judgment and registered it in Florida, and then tried to execute it there, but they didn't do either, so they didn't try to enforce their judgment. Now, procedurally, we need to clean up a few things here. So, you've indicated that the plaintiff has died, so there should be some further action by the court here, that being that we will not have the ability to enter any decision with knowledge that the defendant appellate is deceased. So, perhaps within 30 days, you should notify the court what you're going to be doing. In the meantime, perhaps we can state the matter, if the parties agree. As Justice Jordan said, I don't know if there's going to be an estate, but perhaps a special I know that happens a lot in gruntle death cases, and probably Ms. Ritter and I will consult with people that do that type of work and figure out the best way to proceed in getting somebody to be standing in for Ms. Mouse's estate, or Ms. Mouse, deceased. So, like I said, in 30 days, we'll report back? Yeah, I think within 30 days, I'm suggesting that this matter be stayed. There is no plaintiff. Yes, that is correct. No defendant, anyway. I'm sorry, no defendant appellant. Correct. So, stayed, and we will... Give a status to this court within 30 days. Ms. Ritter, do you have any objection to that? Or do you have any suggestions? I would like to keep you informed, by the way, that the appropriate action would be to have the opening of an appointment of a special minister for the opening of an estate. My client has to do that. My client has to do it. And I don't know how long it's going to be. In fact, it's somebody's appointment. We have to look into... In any event, there will not be an order entered in this case based upon counsel's representation that the plaintiff... I'm sorry, the defendant appellant is deceased. Correct. So, we will take this matter under advisement until we have any other direction that leads us... Will we file that report with the court or... Yes. ...other community? Yeah, the status, joint status from the attorneys to advise us if there's going to be any further action. If there isn't, we'll dismiss the appeal. Okay, thank you very much. All right.